IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00496-M-KS

| | | |
|---|---|---|
| PHILLIP JAMES GREGOR,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | ) | ORDER |

These matters come before the court on the Plaintiff's brief in support of his request for reversal of the Commissioner's decision and an award of benefits [DE 15] and Defendant's motion to remand [DE 17]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank issued a Memorandum and Recommendation ("M&R"), recommending that the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. DE 21. Plaintiff filed a timely objection, arguing that Judge Swank erred in her conclusion. DE 23.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial*

*Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In the M&R, Judge Swank expressed agreement with the United States that remand is proper "because the case requires further fact finding." DE 21 at 4. Judge Swank notes that Plaintiff, through his filings, "raise[s] a host of factual issues that this court is ill-equipped to review at this juncture. … To grant Plaintiff's request, this court would necessarily have to reweigh conflicting evidence and make credibility determinations." *Id.*

Plaintiff's primary objection is that Judge Swank came to a different conclusion in a similar case, *Thompson v. Kijakazi*, No. 5:23-cv-102-KS, DE 26 (E.D.N.C. Nov. 6, 2023). Plaintiff asserts that, in *Thompson*, Judge Swank "denied remand and immediately awarded benefits after the exact same number of hearings, with less 'disability,' and over a shorter period." Obj., DE 23 at 1. However, in *Thompson*, Judge Swank *granted* remand for the Commissioner to award benefits where (1) the plaintiff alleged as error the ALJ's failure to evaluate evidence regarding plaintiff's vascular disease, (2) the government provided no meaningful response, and (3) the court agreed that, on review of the record, the ALJ failed to consider unrebutted evidence of plaintiff's disability. *Thompson*, DE 26 at 7-11.

In this case, Plaintiff alleges as error (Compl., DE 1) the ALJ's finding of *res judicata* based on the adjudication and denial of a prior application (*see* DE 11 at 126-127), for which Plaintiff did not seek review in federal district court (M&R, DE 21 at 2). Unlike in *Thompson*, the Plaintiff here alleges not only that the ALJ failed to explain her decision and failed to account for new evidence, but also that her decision is invalidated by such evidence. In objecting to the M&R, however, the Plaintiff fails to demonstrate how remand for further development of these issues is improper. *See Furr v. Comm'r of Soc. Sec. Admin.*, 596 F. App'x 240, 241 (4th Cir. 2015) (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) ("[i]f the reviewing court has no way of

evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.").

Moreover, for social security appeals, district courts "do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [their] judgment[s] for the ALJ's." *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (quoting *Arakas v. Comm'r of Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020)). This court agrees with Judge Swank that Plaintiff alleges factual issues that this court is not permitted to resolve in the first instance. For example, Plaintiff contends that new medical evidence submitted with his brief (i.e., Exhibit 2) "refutes" the ALJ's decision and supports a disability finding. *See* Plf.'s Brief, DE 15 at 5-7; *see also* Plf.'s Resp., DE 20 at 4-5.

Upon careful review of the record presented, the court overrules Plaintiff's objection and ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Plaintiff's request for reversal and an immediate award of benefits [DE 15] is DENIED, Defendant's motion to remand [DE 17] is GRANTED, and the Commissioner's decision is REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings, as set forth in the M&R. The Clerk of Court is directed to close this case.

SO ORDERED this 8th day of September, 2026.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE